# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VALONE COLE on behalf of the minor child, as natural tutrix NICHOLAS ELLIS** | **CIVIL ACTION**<br><br>**No. 09-2760** |
| **VERSUS** | **SECTION I/3** |
| **KNOWLEDGE LEARNING CORPORATION et al.** | |

### ORDER AND REASONS

Before the Court is a motion to remand, filed on behalf of plaintiff, Valone Cole ("Cole").[1] Defendant, Knowledge Learning Corporation d/b/a KinderCare Learning Centers, Inc. ("KLC"), has filed on opposition memorandum.[2] For the following reasons, the motion to remand is **DENIED**.

### *BACKGROUND*

On or about December 31, 2007, plaintiff's son, Nicholas Ellis ("Ellis"), a student at the KinderCare Learning Center in LaPlace, Louisiana, allegedly sustained injuries to his face and head as a result of a blow from a 2' x 4' piece of wood.[3] On June 27, 2008, Cole filed a petition for damages in the 40th Judicial District Court for the Parish of St. John the Baptist, alleging

---

[1] R. Doc. No. 2.

[2] R. Doc. No. 3, mem. opp'n.

[3] R. Doc. No. 1-2, petition ¶3.

1

negligence on the part of KLC.  KLC apparently filed an answer on August 28, 2008.[4]

During discovery, plaintiff produced Ellis's medical records for treatment he had undergone following the accident.  These materials were served upon defendant on November 7, 2008.[5]

On January 28, 2009, plaintiff's counsel wrote a settlement demand letter to defense counsel (the "demand letter"), which was received by defense counsel on February 2, 2009.[6]  In this letter, counsel provided background on Ellis's injury and symptoms.  He concluded the letter by stating: "Based on the above facts and medical history, of which the specials total around $4,250.00, we would recommend that our client accept $125,000.00 for the full and final settlement of all claims against your insured."[7]

Nine days later, on February 12, 2009, defendant filed a notice of removal in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[8]  In its notice of removal, defendant cited the demand letter and asserted that said letter "first put defendant on notice that the amount in controversy in this case exceeds $75,000."[9]  Plaintiff filed the motion to remand on March 13, 2009, arguing that the notice of removal was not timely filed pursuant to 28 U.S.C. § 1446.

---

[4] The answer is not contained in the present record.  Plaintiff's brief asserts that defendant's answer was filed on this date.  R. Doc. No. 2-3, mem. supp. at 2.  Defendant does not dispute this assertion.
  The Court further notes that plaintiff's brief lacks sequential page numbers in violation of Local Rule 10.1E.

[5] R. Doc. No. 3-4, ex. 1-B, plaintiff's discovery responses.  Plaintiff did not include or refer the Court to any record evidence constituting the November 7, 2008 discovery responses.  Absent such a reference, the Court assumes that defendant's submissions are the medical records in question.

[6] R. Doc. No. 3-5, ex. B, demand letter.

[7] Id. at 2.

[8] R. Doc. No. 1, notice of removal.

[9] Id. ¶6.

*LAW AND ANALYSIS*

## I.    STANDARDS OF LAW

*A.    Motion to Remand*

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c) (2006); Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc., 485 F.3d 804, 813 n.3 (5th Cir. 2007).  The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).  The removal statute is to be strictly construed.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).  Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).  In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal."  Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).  Finally, the removing party "is always required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002) (internal quotation marks omitted).

*B.    28 U.S.C. § 1446*

Title 28, Section 1446 of the United States Code sets forth the procedure for removal of cases from state courts to federal courts.  Section 1446(b), addresses the time limitations imposed on a removing party and provides as follows:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

Comparing the standard imposed by the first and second paragraphs of § 1446(b), the Fifth Circuit has stated: "The latter, in contrast to the former, seems to require a greater level of certainty or that the facts supporting removability be stated unequivocally." Bosky, 288 F.3d at 211. The Bosky court went on to hold that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." Id. "Under Fifth Circuit law, correspondence between parties and discovery-type documents may constitute 'other paper' under certain circumstances." Eggert v. Britton, 223 Fed. App'x 394, 396-97 (5th Cir. 2007).

## II.    DISCUSSION

Plaintiff urges remand under § 1446(b) on two independent bases.[10]  First, plaintiff contends that defendant has failed to show that the demand letter was an honest assessment of plaintiff's damages and that, therefore, it did not establish the requisite amount in controversy for federal jurisdiction.  Second, and in the alternative, plaintiff contends that her discovery responses, served upon defendant on November 7, 2008, contained a detailed explanation of damages from which defendant could have ascertained that the case was removable.  Since defendant did not file the notice of removal until February 12, 2009, more than thirty days after it received the discovery responses, plaintiff argues, the removal was untimely.  At no time does plaintiff contend that the amount in controversy is actually below $75,000.  Her argument is simply that removal in this case was untimely and, therefore, procedurally defective under § 1446(b).

*A.    November 7, 2008 Discovery Responses*

Plaintiff contends that the discovery responses, consisting of Ellis's medical records, were an "other paper" from which defendant could ascertain that the case was removable.[11] Claiming that the "Louisiana quantum books are replete with closed head injury and scarring cases and awards" (but not citing any of those cases for the Court's benefit), plaintiff argues that

---

[10] Plaintiff does not argue that the case stated by the initial pleading was removable.  Further, plaintiff does not contend that complete diversity is lacking among the parties.  The notice of removal states that plaintiff is a citizen of Louisiana and that KLC is a Delaware corporation with a principal place of business in Oregon.  These assertions are unchallenged by plaintiff.  XYZ Insurance Company has also been named as a defendant in this action.  For removal purposes, the "citizenship of defendants sued under fictitious names shall be disregarded."  See 28 U.S.C. § 1441(a).

[11] See discovery responses.

the defendant "did not take the time to research Plaintiff's damages" when the discovery responses were served.[12]  Had defendant conducted legal research, plaintiff argues, it would have discovered that Ellis's injuries had a value in excess of $75,000.

Defendant submits that plaintiff's very argument undermines the requirement that removability information contained in an "other paper" must be unequivocally clear and certain. If defendant had to resort to the "Louisiana quantum books" to learn that Ellis's injuries had value in excess of $75,000, defendant argues, then the medical records must not have been unequivocally clear and certain.  After reviewing the medical records in question, the Court agrees.

The medical records do not, contrary to plaintiff's assertion, "contain[] detailed explanations of the damages sustained by Plaintiff."[13]  Moreover, they do not establish with unequivocal clarity and certainty that the value of Ellis's damages exceeds $75,000.  For instance, a January 4, 2008 diagnostic report states "Normal CT scan of brain without fracture or intracranial bleed"; the January 2, 2008 discharge instructions recommend "cool compresses to bruised area"; and the December 31, 2007 diagnostic report states that "[t]here is no fracture or significant osseous abnormality present."[14]

The November 7, 2008 discovery responses were not an "other paper" from which defendant could have ascertained that the case was removable.  This case should not be remanded because of defendant's alleged failure to timely remove on the basis of these medical

---

[12] Mem. supp. at 5.

[13] Id.

[14] Discovery responses at 20, 22, 32.

records.

*B.      January 28, 2009 Demand Letter*

Plaintiff argues that the demand letter is not an "other paper" from which defendant could have ascertained that the case was removable.  Citing Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360 (M.D. Fla. 1998), she contends that defendant has not established that the demand letter represents an honest assessment of plaintiff's damages and that, therefore, the letter should not be considered as evidence of the amount in controversy.[15]

In Golden, the plaintiff had sent the defendant a demand letter prior to filing his complaint.  Id. at 1364.  The court considered this letter an "other paper" for purposes of § 1446(b), but refused to consider the settlement demand as evidence of the amount in controversy.  Id. at 1364-65.  Citing two Eastern District of Pennsylvania cases, it reasoned that "Defendant has not persuaded this Court that Plaintiff's settlement demand was an honest assessment of damages."  Id. at 1364.  Noting that the plaintiff had stipulated post-removal that his damages did not then exceed $40,000, id. at 1365, that the complaint alleged that damages were under the amount-in-controversy threshold, id. at 1364, and that the ad damnum clause did not allege damages above the amount-in-controversy requirement, id. at 1365-66, the court remanded the case.  Id. at 1366.

Defendant argues two points in response.  First, defendant contends that Golden is distinguishable because, unlike Cole, the Golden plaintiff had stipulated post-removal that his damages did not exceed $40,000 and had initially alleged that his damages were under the

---

[15] Id. at 4.

7

$75,000 jurisdictional requirement.[16]  Second, defendant contends that Fifth Circuit precedent merely requires that a demand letter not plainly be a sham in order to suffice as an "other paper" upon which to base removal.[17]  With respect to defendant's first contention, the Court agrees that the circumstances present in Golden are not found in this case, and to that extent, the case is unhelpful to plaintiff's position.  The Court now turns to the Fifth Circuit's pronouncement on the issue.

In Addo v. Globe Life and Accident Insurance Co., 230 F.3d 759 (5th Cir. 2000), the court held "that a post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b)."  Id. at 762 (footnote omitted).  The court reiterated the rule "that 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction."  Id.

In Russell v. Home State County Mutual Insurance Co., No. 03-1911, 2003 WL 22697179 (E.D. La. Nov. 10, 2003), Judge Fallon applied Addo in a case strikingly similar to the one sub judice.  The defendant had removed the case from state court on the basis of a demand letter from the plaintiff offering to settle all claims for $150,000.  Id. at *1.  Confronted with the question "whether or not plaintiff's settlement demand is plainly a 'sham,'" Judge Fallon found that the letter "was not merely posturing, but was relaying an accurate reflection" of the case's value.  Id. at *3.

Here, the demand letter opened with a plain statement of intent: "We take the opportunity

---

[16] Mem. opp'n at 7 n.2.

[17] Id. at 7.

to provide a settlement demand in the above-referenced matter."[18]  It proceeded to recount the events surrounding Ellis's injury and medical treatment, as well as the symptoms he experienced thereafter.  The letter concluded with the following paragraph:

> Based on the above facts and medical history, of which the specials total around $4,250.00, we would recommend that our client accept $125,000.00 for the full and final settlement of all claims against your insured.  Please relay this offer to your client and contact me at your earliest convenience to discuss.[19]

It is clear to the Court that this letter is "not plainly a sham."  It recites the alleged injuries suffered by plaintiff, computes the alleged special damages suffered, and puts forth a final settlement figure.  There are no indicia of posturing or a lack of seriousness in the communication of this offer.  The demand letter arose from plaintiff's (or plaintiff counsel's) voluntary act and provided notice of the case's value in excess of the amount-in-controversy requirement.

The Court concludes that the January 28, 2009 demand letter satisfies the requirement of an "other paper" upon which defendant could remove the case to federal court and that defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Because the notice of removal was filed within thirty days of defendant's receipt of the demand letter, this case was timely removed and this Court has proper subject matter jurisdiction.

---

[18] Demand letter at 1.

[19] Id. at 2.  The Court notes that the letter is apparently addressed to defense counsel in his capacity as representative of XYZ Insurance Company rather than as counsel for KLC.  The parties do not raise this issue and the Court finds it immaterial to the analysis contained herein.

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to remand is **DENIED**.

New Orleans, Louisiana, May 5, 2009.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**