# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VALONA COLE, on behalf of the minor child, as natural tutrix, NICHOLAS ELLIS** | **CIVIL ACTION** |
| | **No. 09-2760** |
| **VERSUS** | |
| | **SECTION I/2** |
| **KNOWLEDGE LEARNING CORPORATION, ET AL.** | |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendants, Knowledge Learning Corporation and KinderCare Learning Centers, Inc. (collectively referred to herein as "KLC").[1] Plaintiff, Valona Cole ("Cole"), opposes the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On December 31, 2007, plaintiff's then three-year old son, Nicholas Ellis ("Ellis"), a student at KLC's childcare center in LaPlace, Louisiana, allegedly sustained injuries to his face and head as a result of being struck by another three-year old student with a wooden block.[2] On June 27, 2008, Cole filed a petition for damages in the 40th Judicial District Court for the Parish of St. John the Baptist, alleging negligence on the part of KLC.[3] KLC removed the action to this Court on February 12, 2009.

On January 27, 2010, KLC filed this motion for summary judgment. KLC contends that the evidence reveals that KLC employees properly supervised the children and that the accident that resulted in the injuries to Ellis was unforeseeable.

---

[1] R. Doc. No. 31.
[2] R. Doc. No. 1-1, p. 3, para. 3.
[3] R. Doc. No. 1-1.

1

## *STANDARD OF LAW*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all

justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## *DISCUSSION*

Under Louisiana law, "[t]eachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence." La. Civ. Code art. 2320. "The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances." Wallmuth v. Rapides Parish School Bd., 813 So.2d 341, 346 (La. 2002) (internal citations and quotations omitted). In order to impose liability for a failure to supervise, plaintiff must prove: (1) the existence of negligence in providing supervision; and (2) a causal connection between the lack of supervision and the accident. Id. (citations and quotations omitted). "Constant supervision of all students is not possible, nor is it required, for educators to discharge their duty to provide adequate supervision. Id. at 350-51.

Plaintiff's claim must fail because plaintiff has not demonstrated a causal connection between the alleged lack of supervision and the accident.[4] A teacher and his or her employer are responsible for acts committed by students "only upon proof that the teacher, by exercising the degree of supervision required under the circumstances, could have prevented the act which caused the damage and did not do so." Oast v. Lafayette Parish School Bd., 591 So.2d 1257, 1259 (La.App. 3 Cir. 1991).

---

[4] Because plaintiff cannot demonstrate a causal connection between the alleged lack of supervision and the injury, the Court does not reach plaintiff's arguments that the supervision was inadequate.

KLC presented unrebutted[5] evidence that the accident occurred when the child holding the wooden block turned suddenly and accidentally struck the nearby Ellis.[6] Gloria Lackings,[7] a KLC teacher who observed the incident, executed an affidavit stating that, prior to the accident, there was no horseplay between Ellis and the other child and, given that the injury resulted from a sudden accident,[8] there was no warning that the accident was about to occur.[9] Lackings' testimony was corroborated by the statements of Ellis himself. Veronica Edwards, another teacher at the KLC facility in LaPlace, spoke with Ellis following the incident.[10] Ellis told her that he was playing with the other child when the other child, while holding a block, turned around quickly and the block struck Ellis in the head.[11] Both Lackings and Edwards averred that they were not aware of any previous incidents involving the blocks involved in the accident.[12]

Because this incident was spontaneous and occurred without warning, there is no issue of material fact as to whether a lack of supervision could have caused the accident. See Wallmuth, 813 So.2d at 348 (three students' attack on another student in a locker room not foreseeable

---

[5] Plaintiff contends there is an issue of fact as to whether KLC employees actually observed the accident. Plaintiff presented evidence that she spoke to "the teacher on duty at the time of the accident" who told her that the teacher had not seen what had happened. Defense witness, Gloria Lackings, testified that she was one of *two* teachers in the room at the time of the accident. R. Doc. No. 23-2. Accordingly, plaintiff's evidence does not create an issue of fact because plaintiff has presented no evidence to contradict Lackings' statement that she observed the entire incident.
[6] R. Doc. No. 23-2, para. 3.
[7] In plaintiff's opposition, plaintiff objected to certain portions of the affidavits cited by KLC. The Court did not consider or rely upon any of the portions of the affidavits submitted by defendant to which plaintiff objected.
[8] Cole's affidavit includes statements made by Annie Smith, the director of the KLC center at issue, that the other student involved in the accident had prior behavioral problems and was suspended from school as a result of the incident. The Court first notes that plaintiff provides no evidence to explain the nature of the child's prior behavioral problems nor the reasons why the child was allegedly suspended. However, even assuming that the child was suspended for purposefully hitting Ellis, the Court's opinion that the incident was unforeseeable remains unchanged. Purposeful acts, if unforeseeable, do not create liability for the school. See Oast, 591 So.2d at 1261. Moreover, Veronica Edwards testified that she had previously observed Ellis and the other child play together amicably. Because there is no evidence to suggest that the children were fighting prior to the incident, either on the date in question or previously, nor any evidence suggesting that similar incidents had happened in the past, the Court is not persuaded that the school could have foreseen a purposeful act by the other child. Even if the Court were to assume that the act of the other child was purposeful, plaintiff still cannot demonstrate that a causal connection exists between any alleged lack of supervision and the injury to Ellis.
[9] R. Doc. No. 23-2, para. 4.
[10] R. Doc. No. 23-3, para. 3.
[11] R. Doc. No. 23-3, para. 3.
[12] R. Doc. No. 23-2, para. 2; R. Doc. No. 23-3, para. 2.

4

where there was no history of violence between those students); Oast, 591 So.2d at 1261 (where student wrestler spontaneously and unexpectedly threw a chair and injured a parent, there was no liability because there was no causal relationship between a lack of supervision and the throwing of the chair); Nash v. Rapides Parish School Bd., 188 So.2d 508 (La.App. 3 Cir. 1966) (accidents "involving school children at play happen so quickly that unless there was direct supervision of every child (which we recognize as being impossible), the accident can be said to be almost impossible to prevent").

Almost all of the arguments in plaintiff's opposition are directed toward whether the supervision of the children was adequate. In fact, the only evidence plaintiff presents to establish the requisite causal connection is that unidentified KLC employees made statements blaming the accident on understaffing,[13] specifically, "that's what they get for letting people off" for the holiday.[14] Plaintiff has provided no evidence, however, that any of the unnamed staffers observed the accident or were aware of the circumstances. The only account of the accident presented to the Court demonstrates that the accident occurred suddenly, without warning, and that it could not have been foreseen or prevented. Because plaintiff has not established a causal connection between the level of supervision and the accident, plaintiff's claims must be dismissed.

---

[13] Cole also wrote in her affidavit that the LaPlace KLC facility had older and younger children playing in the same room which results "in the need to watch the children much more closely." R. Doc. No. 28-1, para. 21. This factor, even if true, is not relevant to plaintiff's claim because Ellis and the child that struck him were the same age.
[14] R. Doc. No. 28, p. 7 (citing R. Doc. No. 28-1, para. 19).

*CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that KLC's motion for summary judgment is **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE** and at plaintiff's cost.

New Orleans, Louisiana, March 2, 2010.

                              **LANCE M. AFRICK**
                    **UNITED STATES DISTRICT JUDGE**