UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VALONA COLE, on behalf of the minor
child, as natural tutrix, NICHOLAS ELLIS

VERSUS

KNOWLEDGE LEARNING
CORPORATION, ET AL.

CIVIL ACTION

No. 09-2760

SECTION I/2

## ORDER AND REASONS

Before the Court is a motion to alter or amend judgment, filed by plaintiff, Valona Cole.[1] Defendants, Knowledge Learning Corporation and KinderCare Learning Centers, Inc. ("KLC") oppose the motion.[2] For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On December 31, 2007, plaintiff's then three-year old son, Nicholas Ellis ("Ellis"), a student at KLC's childcare center in LaPlace, Louisiana, allegedly sustained injuries to his face and head as a result of being struck by another three-year old student with a wooden block.[3] On June 27, 2008, plaintiff filed a petition for damages in the 40th Judicial District Court for the Parish of St. John the Baptist, alleging negligence on the part of KLC.[4] KLC removed the action to this Court on February 12, 2009.[5]

On January 27, 2010, KLC filed a motion for summary judgment.[6] On March 3, 2010, this Court granted the motion and entered judgment in favor of KLC.[7] Plaintiff filed this Rule

---

[1] R. Doc. No. 36.
[2] R. Doc. No. 37.
[3] R. Doc. No. 1-1, p. 3, para. 3.
[4] R. Doc. No. 1-1.
[5] R. Doc. No. 1-1.
[6] R. Doc. No. 23.

1

59(e) motion to alter or amend the judgment on March 30, 2010.[8] In her motion, plaintiff requests that the Court reverse its decision finding that plaintiff failed to demonstrate a causal connection between KLC's alleged lack of supervision of her son and the accident.[9] Additionally, plaintiff asserts a new issue not addressed in her opposition to the motion for summary judgment. Plaintiff argues that since Louisiana is a comparative fault state, a partially successful defense for KLC does not entitle KLC to dismissal of the entire claim through summary judgment.

## STANDARD OF LAW

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. See Ford v. Troyer, No. 97-890, 1997 WL 731945, at *1 (E.D.La. Nov. 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." Harrington v. Runyon, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within twenty-eight days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight][10] days, it will be treated as a 60(b) motion." Id. (citing Forsythe v. Saudi Arabian Airlines Corp., 885 F.2d 285, 288 (5th Cir. 1989); Harcon Barge Co. v. D&G Boat Rentals, Inc., 784 F.2d 665, 667-69 (5th Cir. 1986)). Because plaintiff filed her motion for reconsideration within

---

[7] R. Doc. No. 33.
[8] R. Doc. No. 36.
[9] R. Doc. No. 36-1, p. 1, para. 1-2.
[10] On December 1, 2009, the deadline to file a motion under Rule 59 was extended from ten days to twenty-eight days.

twenty-eight days after the Court entered the judgment dismissing her claims, her motion is considered as a Rule 59(e) motion.

A Rule 59(e) motion "calls into question the correctness of a judgment." Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised prior to the entry of judgment. Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, it "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989).

A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration" under Rule 59(e). Lavespere, 910 F.2d at 174. Considerations that limit this discretion include: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. Id.

## DISCUSSION

### I. Plaintiff's Causation Claim

Plaintiff argues that the Court incorrectly concluded that she failed to demonstrate a causal connection between the lack of supervision and the accident. First, plaintiff points to her own affidavit which avers that she spoke with the teacher on duty at the time of the accident and the teacher told her that she did not see the incident happen.[11] Plaintiff contends that this demonstrates a genuine issue of material fact concerning how the incident occurred because it

---

[11] R. Doc. No. 36-1, p. 2, para. 2.

implies that no KLC employee was in a position to observe the accident.[12] Second, plaintiff asserts that there is evidence to suggest that understaffing could have led to Ellis's injury.[13]

Plaintiff's first assertion is that one teacher's statement that she did not observe the accident implies that no one else did so.[14] Plaintiff contends that this suggests that there are disputed issues of fact with respect to whether the supervision was adequate and with respect to how the incident occurred.[15] This same argument, however, was presented by plaintiff, and rejected by the Court, at the summary judgment phase.

The Court based its opinion on the affidavit of KLC teacher, Gloria Lackings. Lackings' affidavit stated that she was one of **two** teachers in the room at the time of the injury and that she observed the whole accident. The Court found that because the affidavits of Lackings and plaintiff were not inconsistent, there was no issue of fact as to whether the Court should credit Lackings' testimony. The Court wrote:

> "KLC presented unrebutted evidence that the accident occurred when the child holding the wooden block turned suddenly and accidentally struck the nearby Ellis. Gloria Lackings, a KLC teacher who observed the incident, executed an affidavit stating that, prior to the accident, there was no horseplay between Ellis and the other child and, given that the injury resulted from a sudden accident, there was no warning that that accident was about to occur. Lackings' testimony was corroborated by the statements of Ellis himself. . .Ellis told her that he was playing with the other child when the other child, while holding a block, turned around quickly and the block struck Ellis in the head."[16]

---

[12] R. Doc. No. 36-1, p. 2, para. 3.
[13] R. Doc. No. 36-1, p. 2, para. 4.
[14] R. Doc. No. 36-1, p. 2, para. 2.
[15] R. Doc. No. 36-1, p. 2, para. 2.
[16] R. Doc. No. 33, p. 4 (internal citations omitted). Plaintiff's motion also implies for the first time that KLC should not have allowed the students to use the block that struck Ellis. R. Doc. No. 36, p. 2. However, both Lackings and another KLC employee, Veronica Edwards, averred that they were not aware of any previous incidents involving injury by the blocks involved in the incident. Additionally, plaintiff presented no evidence, either in her original opposition or her present motion, to suggest that the block was so dangerous that the children should not have used it.

This Court concluded that "[b]ecause this incident was spontaneous and occurred without warning, there is no issue of material fact as to whether a lack of supervision could have caused the accident."[17]

Plaintiff's second assertion is that the Court ignored evidence that suggests that understaffing could have led to Ellis's injury. Plaintiff argues that unidentified KLC employees told her that the preschool was understaffed, specifically, "that's what they get for letting people off" for the holiday.[18] Plaintiff contends that this allows the fact-finder to infer that if there had been more supervision in the room, the accident might not have happened.[19] This argument was also addressed in the Court's previous order:

> "Plaintiff has provided no evidence, however, that any unnamed staffers observed the accident or were aware of the circumstances. The only account of the accident presented to the Court demonstrates that the accident occurred suddenly, without warning, and that it could not have been foreseen or prevented."[20]

Because plaintiff has identified no "manifest errors of law or fact" with respect to the causation issue, and plaintiff has not presented any "newly discovered evidence," plaintiff has not established that she is entitled to Rule 59 relief. See Waltman, 857 F.2d at 473

**II. Plaintiff's Comparative Negligence Claim**

Plaintiff presents an additional issue, not mentioned in her opposition to the motion for summary judgment, that since Louisiana is a comparative fault state, a partially successful defense for KLC will not entitle KLC to a dismissal.[21] As noted above, however, plaintiff has not established any causal link between Ellis's injury and the alleged lack of supervision by

---

[17] R. Doc. No. 33, p. 4, para. 2.
[18] R. Doc. No. 28, p. 7 (citing R. Doc. No. 28-1, para. 19).
[19] R. Doc. No. 36-1, p. 2, para. 4.
[20] R. Doc. No. 33, p. 5, para. 2.
[21] R. Doc. No. 36-1 p. 3 para. 3.

KLC. Accordingly, plaintiff's arguments with respect to comparative fault must fail because Cole has failed to demonstrate that KLC has any fault for Ellis's injury.

## *CONCLUSION*

For the reasons stated above,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED.**

New Orleans, Louisiana, May 28, 2010.

							**LANCE M. AFRICK**
							**UNITED STATES DISTRICT JUDGE**